IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. 1:07-CV-02504-JOF-GGB |
| v. | ) ) | |
| CARAUSTAR INDUSTRIES, INC. | ) ) | |
| Defendant. | ) ) | |
| | ) | |

## CONSENT DECREE

This action was instituted by the Equal Employment Opportunity Commission (hereinafter the "EEOC") against Defendant Caraustar Industries, Inc. (hereinafter "Caraustar") pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq*. (hereinafter referred to as "Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

This Court has jurisdiction of the subject matter of this action and of the parties to this action.

In the Complaint filed in this action, the EEOC alleged that Caraustar subjected Talmon Smith, who formerly was employed on the second shift of

Caraustar's Converting Department in Austell, Georgia, to a racially hostile work environment and constructively discharged him in violation of Title VII.  In its Complaint, the EEOC sought relief including, but not limited to, compensatory damages and punitive damages as well as injunctive and other affirmative relief. Caraustar filed its Answer to the Complaint denying that it had violated Title VII as alleged by the EEOC and denying that either the EEOC or Talmon Smith are entitled to any relief in this action.

All parties to this action desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation and desire to formulate the plan embodied in this Consent Decree which will promote and effectuate the purposes of Title VII.

Now, therefore, in consideration of the premises and the mutual undertakings hereinafter set forth, the EEOC and Caraustar agree as follows:

## I. <u>DISCLAIMER OF VIOLATION</u>

It is understood and agreed that the negotiation, execution and entry of this Consent Decree by the parties shall not constitute an adjudication or finding with respect to the merits of this action, and shall not be construed as an admission by the EEOC or Caraustar with respect to the claims and defenses asserted in this action.  Nothing in this Consent Decree shall be admissible in any other judicial or

administrative proceeding for any purpose except to enforce the terms of this Consent Decree.

## II.  NON-RETALIATION

Caraustar shall not take any action against any person which constitutes intimidation, retaliation, or harassment violative of Section 704(a) of Title VII because of the filing of Charge Number 410-2006-01216 (the "Charge") with the EEOC that forms the basis for this action, or because such person gave testimony or assistance or participated in any manner in the EEOC's investigation of the Charge or in this action.

## III.  NON-DISCRIMINATION

Caraustar will operate the second shift of its Converting Department in Austell, Georgia, (hereinafter the "Operation") free from a racially hostile work environment that would be violative of Title VII.

## IV.  NOTICES

Caraustar will keep posted in conspicuous places on its premises in Austell, Georgia, the notice required by Section 711 of Title VII.  In addition, for the eighteen-month term of this Consent Decree, Caraustar will post in the same places its Equal Employment Opportunity Policy, its Harassment Policy, and its hotline policy.  Within forty-five (45) days after the entry of this Consent Decree by the

Court, Caraustar agrees to certify, in writing, to the EEOC that Caraustar has fulfilled its obligations under this Section IV.  This certification, and any other certification specified in this Consent Decree, shall be addressed to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street, Suite 4R30, Atlanta, Georgia, 30303.

## V.  <u>INSTRUCTION TO MANAGEMENT</u>

Caraustar will, within forty-five (45) days after the entry of this Consent Decree by the Court, instruct the supervisors and manager of the Converting Department in Austell, Georgia, concerning the requirements of Sections II, III and IV of this Consent Decree and certify, in writing, to the EEOC that it has done so.

## VI.  <u>REPORTING REQUIREMENT</u>

A.  Caraustar will, during the term of this Consent Decree, report to the EEOC Regional Attorney identified in Section IV above, any Formal Complaint alleging unlawful retaliation (covered by Section II of this Consent Decree) or a racially hostile work environment in the Operation (covered by Section III of this Consent Decree).  For purposes of this Section VI, a Formal Complaint is one that is made (a) in writing either (1) to the Production Manager of Caraustar's Converting Department in Austell, Georgia, or (2) to a member of Caraustar's Corporate Human Resources Department, or (b) by calling Caraustar's hotline

(currently operated by The Network, Inc., an independent company).  Every six months for the duration of this Consent Decree, Caraustar agrees to certify, in an affidavit form, a report to the Regional Attorney identified in Section IV above whether any Formal Complaint alleging unlawful retaliation (covered by Section II of this Consent Decree) or a racially hostile work environment in the Operation (covered by Section III of this Consent Decree) has been received.  If such a Formal Complaint has been received, Caraustar agrees to include in its certified report the following information:

(a)  The date the Formal Complaint was received,

(b)  The name of the person making the Formal Complaint, if known;

(c) The name and title of the person against whom the Formal Complaint was made, if known;

(d)  The nature of the Formal Complaint;

(e)  The name and title of the Caraustar official who first learned of the Formal Complaint;

(f)  A description of what, if any, action Caraustar took (or is taking) in response to the Formal Complaint (*e.g.*, employee discipline); and,

(g)  A statement of how Caraustar resolved the Formal Complaint, or the Formal Complaint's status if resolution has not yet been completed.

B.     Caraustar will, during the term of this Consent Decree, report to the EEOC Regional Attorney identified in Section IV above, any Informal Complaint alleging unlawful retaliation (covered by Section II of this Consent Decree) or a racially hostile work environment in the Operation (covered by Section III of this Consent Decree).  For purposes of this Section VI, an Informal Complaint is a verbal complaint, other than one made by calling Caraustar's hotline, which is investigated by Caraustar's Corporate Human Resources Department.   The certified reports required by Section VI.A. above will include for any Informal Complaint the same information that is required for a Formal Complaint.

## VII.  TRAINING

Caraustar will conduct a training session for all of its Mill 1 and Mill 2 managers and supervisory personnel in Austell, Georgia, covering the general requirements of Title VII and Caraustar's Equal Employment Opportunity and Harassment policies.  This training will be completed within one hundred twenty (120) days after execution of this Consent Decree by the Court.

Caraustar also agrees to certify, in writing, its completion of this training to the Regional Attorney identified in Section IV above within thirty (30) days after the training is completed.   This certification shall include the name(s) and qualifications of the person(s) providing the instruction, the names and job titles of

the attendees, the length of the instruction, and the training topics.  If written materials are distributed to attendees, Caraustar agrees to provide a copy to the Regional Attorney identified in Section IV above.

### VIII.  PROCEDURE FOR ENFORCING COMPLIANCE

The EEOC will attempt to resolve any dispute regarding compliance with this Consent Decree by informal consultation and mediation before seeking enforcement through the judicial process.  The EEOC will notify, in writing by first class mail and facsimile, Caraustar's Compliance Official (identified in Section IX below), with a copy to Caraustar's Law Department at 5000 Austell-Powder Springs Road, Suite 300, P.O. Box 115, Austell, Georgia 30168-0115, if it has any reason to believe that any act or omission by Caraustar is in violation of this Consent Decree.  Caraustar shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the EEOC, by written report addressed to the Regional Attorney identified in Section IV above, of the measures taken to cure the alleged deficiencies.

If, upon receipt of Caraustar's report, the EEOC concludes that the deficiency has not been satisfactorily cured by Caraustar, the EEOC shall seek to resolve the alleged deficiency through good faith conciliation or mediation.  If the alleged deficiency is not resolved within thirty (30) days after the initiation of such

good faith conciliation or mediation process, the EEOC may seek enforcement of this Consent Decree through the judicial process.

## IX.  COMPLIANCE OFFICIAL

Caraustar has designated its Vice President, Human Resources and Public Relations, 5000 Austell-Powder Springs Road, Suite 300, P.O. Box 115, Austell, Georgia 30168-0115, to be its Compliance Official who shall be responsible for Caraustar's compliance with this Consent Decree.  The Compliance Official is to be responsible for coordinating and overseeing Caraustar's compliance with the specific terms of this Consent Decree.

## X.  TERM OF CONSENT DECREE AND DISMISSAL OF ACTION

This Consent Decree shall continue in effect and bind the parties for a period of eighteen months immediately following its entry by the Court, provided that all required reports and certifications are timely submitted.  If all required reports and certifications have not been submitted prior to the expiration of that eighteen-month period, the Consent Decree will remain in effect until all such reports and certifications have been submitted.

This action shall be dismissed with prejudice.

## IX.  OTHER ACTIONS

The EEOC shall not commence or prosecute against Caraustar any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities that arise out of the Charge, the EEOC's investigation of the Charge, or this action.  This Consent Decree in no way affects the EEOC's right to process any pending or future charges that may be filed hereafter against Caraustar in accordance with standard EEOC procedures, and to commence civil actions pursuant to Section 706(f) of Title VII on any such charge.  Nothing in this Consent Decree shall be construed to limit or reduce Caraustar's obligation to comply fully with Title VII; the Equal Pay Act of 1963, as amended; the Age Discrimination in Employment Act of 1967, as amended; the Americans with Disabilities Act of 1990; or any binding regulations promulgated pursuant thereto.

## X.  COSTS AND ATTORNEY FEES

The EEOC and Caraustar shall each bear its own respective costs and attorneys' fees for this action.

The parties hereto, by and through their undersigned counsel of record in this action, hereby consent to the entry of the foregoing Consent Decree.

This _____ day of July, 2008.

**BY CONSENT:**

Counsel for Plaintiff:                    s/ _____
                                          Robert K. Dawkins, Ga. Bar No. 076206
                                          Regional Attorney
                                          Email:  robert.dawkins@eeoc.gov

                                          EEOC – ATLANTA DISTRICT
                                          OFFICE
                                          100 Alabama Street, S.W.
                                          Suite 4R30
                                          Atlanta, Georgia 30303
                                          Telephone No.: (404) 562-6818
                                          Facsimile No.:  (404) 562-6905

Counsel for Defendant:                    s/ _____
                                          R. Carl Cannon, Ga. Bar No. 108000
                                          Email: ccannon@constangy.com

                                          CONSTANGY, BROOKS & SMITH,
                                          LLC
                                          Suite 2400, 230 Peachtree Street, N.W.
                                          Atlanta, Georgia 30303
                                          Telephone No.: (404) 525-8622
                                          Facsimile No.:  (404) 525-6955

APPROVED, DONE, and SIGNED this _22nd_ day of ____August____, 2008.

                                          _____
                                          J. OWEN FORRESTER
                                          UNITED STATES DISTRICT JUDGE